CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 16 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELIZABETH GIBSON, | ) |
| Petitioner, | ) Case No. 7:07CV00041 |
| v. | ) MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) By: Hon. Norman K. Moon |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner, Elizabeth Gibson ("Gibson"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2006). Gibson alleges prosecutorial misconduct and misconduct on the part of the investigating officers. She also alleges ineffective assistance of counsel.[1] Respondent filed a Motion to Dismiss to which Gibson filed a timely response, making the matter ripe for the court's consideration. Upon review of the submissions of the parties and the underlying criminal record, Case No. 3:05cr00012-001, the court finds that Gibson waived her claims in her plea agreement. Accordingly, the court finds that Respondent's Motion to Dismiss must be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 6, 2005, a federal grand jury charged Gibson with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21

---

[1] Gibson alleges that her counsel was ineffective for: (1) advising her to sign the plea agreement; (2) failing to challenge the drug weight that Gibson was responsible for at sentencing; (3) failing to "provide proof of lab results of quantity and purity or methamphetamine"; (4) failing to send audio evidence allegedly relevant to this Petition to Gibson in a timely manner; (5) failing to refute certain "summaries, mischaracterizations, and unreliable information in discovery," specifically, failing to request an evidentiary hearing and failing to file a motion to suppress; (6) failing to forward unspecified information that "may have been useful to [the] government investigation"; and (7) failing to correct "errors" in the "PSI report." Pet'r Writ Habeas 7b.

U.S.C. §§ 841(a)(1) and 846 (Count One), and two substantive distribution counts. Gibson pleaded guilty on October 11, 2005, pursuant to a written plea agreement, to Count One.

On January 27, 2006, the court conducted a sentencing hearing. Based on Gibson's Total Offense Level of twenty-nine (29) and a Criminal History Category of one (1), the Sentencing Guidelines range for Gibson was 87-108 months imprisonment. In order to avoid unwarranted sentencing disparity with co-defendant Michael Goldstick, the court sentenced Gibson based on an Adjusted Offense Level of twenty-six (26) and imposed a sentence of 63 months.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Gibson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. ANALYSIS

### A. Waiver Issue

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the

record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the [ ] waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The Court of Appeals for the Fourth Circuit has

distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims that the sentence rests on a constitutionally impermissible factor such as race, or (3) claims that defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169. Thus, in addition to evaluating the validity of Gibson's guilty plea and waiver of § 2255 rights, the court must determine whether each of her § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Gibson knowingly and intelligently entered a valid guilty plea and waived her right to collaterally attack her sentence, including any proceeding brought under § 2255. In her plea agreement, Gibson specifically agreed to "waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255 or any other provision of law, the judgment and any part of the sentence imposed upon [her] by the Court." Resp't Ex. A, Plea Agreement 7. The language and meaning of the § 2255 waiver is clear and unmistakable, and both Gibson and her attorney represented by their signatures to the plea agreement that Gibson had been fully advised of, and understood, its terms. Gibson further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." Resp't Ex. A, Plea Agreement 9.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Gibson. During the plea colloquy, Gibson

---

[2] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n. 2.

- 4 -

indicated to the court that she was twenty-four years old, had completed her Bachelor's Degree, and was not under the influence of alcohol or of any drug that hampered her ability to understand the courtroom proceedings. The court specifically questioned Gibson about her understanding of the plea agreement. The court asked Gibson whether she had read and understood the plea agreement to which Gibson gave an affirmative answer. Gibson affirmed that she had been given ample opportunity to discuss the case with her attorney and that she was fully satisfied with the counsel, representation, and advice given by her attorney in this matter. She denied that anyone had made any promise to her, outside the provisions of the plea agreement, or otherwise induced her to plead guilty. The court determined, after conducting the plea colloquy, that Gibson's plea was knowing and voluntary.[3]

Therefore, I find that Gibson knowingly and voluntarily entered a valid guilty plea and a valid waiver of her right to collaterally attack her sentence under § 2255. The court specifically discussed the plea agreement with Gibson during the plea hearing. Gibson indicated that she understood the elements of the charges against her, and the consequences of her guilty plea and that she was voluntarily entering the plea. Moreover, she was sentenced to 63 months, in keeping with the plea agreement for which she bargained and within statutory limits. In fact, she received a substantial offense-level decrease at sentencing. The court also finds that Gibson's claims fall within the scope

---

[3] The court notes that the fact that the court did not specifically address the collateral attack waiver during the Rule 11 colloquy is not determinative. The court in United States v. Marin, 961 F.2d 493 (4th Cir. 1992), held that a waiver is "not knowingly and voluntarily made if the district court fails to specifically question the defendant concerning the waiver provisions of the plea agreement during the Rule 11 colloquy *and* the record indicates that the *defendant did not otherwise understand the full significance of the waiver.*" Marin, 961 F.2d at 496 (emphasis added). There is no indication in the record that Gibson did not understand the plea agreement or its contents. Thus, the court finds that the she did fully understand the terms of the entire plea agreement and, therefore, the full significance of the waiver.

of that waiver. Gibson does not allege any of the narrow class of claims that fall outside the scope of an enforceable waiver. Accordingly, the court will grant Respondent's Motion to Dismiss.[4]

---

[4] Furthermore, the court in Bousley v. United States, 523 U.S. 614 (1998), held that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. Id. at 622. Not only did Gibson fail to raise her claims on direct review, but she also fails to demonstrate any of the Bousley requirements. This standard does not apply to ineffective assistance of counsel claims, however. See Massaro v. United States, 538 U.S. 500 (2003). Regardless, the court finds that Gibson's ineffective assistance of counsel claims fail on the merits. Gibson bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. In this case, Gibson must show that there is a reasonable probability that, but for her attorney's alleged mistakes, she would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Gibson was apprehended because of her involvement in a conspiracy to obtain and transport large amounts of methamphetamine. Because the evidence against her appeared to be fairly conclusive, a guilty plea was a logical course to take. The plea agreement negotiated by her attorney accorded Gibson several benefits including the dismissal of two counts of the indictment, credit for acceptance of responsibility, and the stipulation that the "safety-valve" provision applied thus removing her from the threat of a ten-year mandatory minimum sentence. Gibson seems to have received the shortest sentence available to her, as she was sentenced well below her original guidelines range, and thus, she cannot demonstrate that her counsel's performance was incompetent. On this record, there is no evidence of any mistakes that resulted in an ill-conceived or forced guilty plea. Also, Gibson's allegations that her counsel was ineffective for failing to object to the drug quantity used at sentencing and that the court violated her due process rights by attributing all drug weights in the conspiracy to her suggests a misunderstanding of the law. A defendant convicted of conspiracy may be sentenced on the basis of conduct of co-conspirators in furtherance of the conspiracy that was known to the defendant or reasonably foreseeable to him. United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993); United States v. Adams, 988 F.2d 493, 496 (4th Cir. 1993). Counsel was not ineffective for failing to raise this frivolous argument. This is especially so as Gibson stipulated that she was responsible for at least 150 but less than 500 grams of methamphetamine in her plea agreement. Moreover, Gibson does not specifically allege that she would have gone to trial but for her attorney's alleged errors and the court notes that she failed to voice any concerns during her guilty plea or sentencing about her counsel's assistance. Furthermore, counsel's alleged failure to send audio evidence in a timely manner to Gibson after she had already been sentenced does not rise to the level of deficient performance required under Strickland. The evidence was forwarded to the prison but, regardless, Gibson is prohibited from obtaining and listening to the tapes pursuant to valid Bureau of Prison policies. Gibson's claims that she was provided ineffective assistance because counsel failed to correct several unspecified errors in discovery filings and an incorrect address in her PSI report are equally without merit as they also do not rise to the level of deficient performance required under Strickland. Finally, Gibson's claim that counsel refused to forward allegedly useful information to the government also fails. The record reflects that Gibson was given numerous opportunities to cooperate with the government and to possibly earn a substantial assistance motion but that Gibson failed to provide any information that lead to the prosecution of any other cases. The Fourth Circuit recently held that "neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)." United States v. Taylor, 414 F.3d 528, 536 (4 Cir.2005). Thus, Gibson's claim that she suffered ineffective assistance of counsel based on her attorney's failure to follow through with a Rule 35 motion is without merit. Accordingly, based on the foregoing, the court finds that all of Gibson's ineffective assistance of counsel claims are without merit.

Case 7:07-cv-00041-NKM-mfu Document 16 Filed 07/16/07 Page 6 of 7 Pageid#: 126

## IV. CONCLUSION

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Gibson knowingly and intelligently agreed to waive her right to collaterally attack her sentence in exchange for several concessions made by the United States, and she was sentenced in the manner to which she agreed. The United States has adhered to its part of the plea bargain. Granting Gibson relief on the issues she has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. For all of the foregoing reasons, the court holds that Gibson's § 2255 waiver is valid and that the issues she has raised in her habeas motion are within the scope of that waiver. Accordingly, the court will grant Respondent's Motion to Dismiss.

**ENTER:** This 16th day of July, 2007.

*/s/ James C. Moon*
United States District Judge